```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION, <br><br>    Plaintiff, <br><br>    v. <br><br>RAINBOW MORTGAGE CORPORATION, INC., <br><br>    Defendant/Third-Party Plaintiff, <br><br>    v. <br><br>OLGA MALDONADO, <br><br>    Third-Party Defendant. | Civil No.07-5440 (JBS-AMD) <br><br> **MEMORANDUM OPINION** |

SIMANDLE, District Judge:

　　This case is before the Court upon review of the Report and Recommendation of the Honorable Ann M. Donio, United States Magistrate Judge, filed October 19, 2010. Judge Donio recommended, upon the motion [Docket No. 39] of Plaintiff, First Franklin Financial Corporation, to strike the answer of Defendant Rainbow Mortgage Corporation, Inc. ["Rainbow"], to enter default judgment against Rainbow and to dismiss Rainbow's Third-Party Complaint against Olga Maldonado.

　　This Report and Recommendation is reviewed pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). On October 19, 2010, a copy of the Report and Recommendation was sent to all parties and counsel of record, including Defendant Rainbow at its

last known address.  There has been no objection received, and the fourteen-day period to object under Rule 72(b)(2), Fed. R. Civ. P., has expired.

This Court has carefully reviewed the entire record and Judge Donio's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and has made a *de novo* determination.  This Court agrees with the excellent and thorough Report and Recommendation authored by Judge Donio.  This Court adopts that Report and Recommendation as if set forth in full herein.

Thus, this Court also concludes that Defendant Rainbow has failed to comply with the October 24, 2008 Order and has failed to defend against Plaintiff's claims, after its withdrawal of counsel and failure to substitute new counsel.  This Court further concludes that Defendant/Third-Party Plaintiff Rainbow has failed to prosecute its third-party claims under Fed. R. Civ. P. 41, and that the appropriate remedy is that Rainbow's answer and third-party complaint shall be stricken.

The Court likewise concludes that default should be entered against Rainbow upon the Plaintiff's Complaint and that default judgment cannot yet be entered under Fed. R. Civ. P. 55(b) until a default judgment hearing is conducted to determine the amount of damages.  <u>See</u> Fed. R. Civ. P. 55(b)(2).  Such a default judgment hearing will give Plaintiff the opportunity to clarify

the amount sought by way of default judgment and to also clarify whether other damages are sought arising from negligent misrepresentation, or the amount by which Defendant has been unjustly enriched, as explained in the Report and Recommendation at pages 17-19.

A second rationale for striking the Answer and entering default also appears in the record.  A corporation such as Defendant Rainbow must appear in federal court only through a licensed attorney.  See Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966).  Thus, Judge Donio's Order granting the motion of Rainbow's counsel to withdraw on October 24, 2008 [Docket Item 29] correctly required that Defendant's Answer may be stricken if Defendant failed to obtain new counsel who must enter an appearance within thirty days.  That Order was furnished to Rainbow through its withdrawing counsel and Rainbow was thus put on notice that its Answer would be struck if it failed to comply with Judge Donio's directive to have new counsel enter an appearance.

The question raised is whether Rule 55(b)(2)'s requirement of service applied when a corporate defendant has entered an appearance, but when the corporate counsel has since withdrawn.  Rule 5(a)(2) governs this situation and provides that "no service is required on a party who is in default for failing to appear."  Rule 5 does not explicitly address the requirement of an

appearance after the initial appearance has been withdrawn.  Its language, however, covers the scenario in which an initial appearance was made, but that appearance was withdrawn, and the defendant has failed to enter a new one.  When Rainbow, having notice of Judge Donio's Order, failed to appear within thirty days from the date of entry of that Order, Rainbow was in default of its obligations to appear and defend in this case.  As a party in default, Defendant was not entitled to additional service of the motion for sanctions, pursuant to Rule 5(a)(2).

Moreover, such attempt at service would be a fool's errand, as the last known information is that Rainbow is not available at its usual place of address.  Moreover, Judge Donio's Report and Recommendation was also sent to Defendant's last known address, and it was placed upon the public docket of this case, and no objection was received.  This Court thus holds that, under Rule 5(a)(2), Plaintiff was not obligated to serve Rainbow in order for the Court to strike the Answer pursuant to Rule 16(f)(1)(C) or award default judgment pursuant to Rule 55(b)(2).  This ground for striking the Answer is independent of whether or not Rainbow failed to keep this Court's apprised of its new address pursuant to L. Civ. R. 10.1(a).

## CONCLUSION

This Court adopts Judge Donio's Report and Recommendation in its entirety.  In addition, and alternately, the Court holds that

the striking of the Answer and entry of default would be appropriate under Rule 5(a)(2), Fed. R. Civ. P., in this circumstance in which Defendant Rainbow entered an initial appearance, withdrew, failed to appear within the Court-ordered deadline to do so, and was not served with the present default judgment motion.  Finally, the determination of the amount of the default judgment must await further clarification by Plaintiff at the default judgment hearing, which will be scheduled forthwith.  The Third-Party Complaint of Defendant Rainbow will also be stricken for failure to appear and prosecute it, as explained above.

    The accompanying Order is entered.


**November 23, 2010**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  U.S. District Judge